IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAM BAL RAM CORP<br>D/B/A KNIGHTS INN | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:24-CV-01164-O |
| ATEGRITY SPECIALTY INSURANCE<br>COMPANY | § § § § | |
| Defendant | § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Ram Bal Ram Corp d/b/a Knights Inn files this Plaintiff's Amended Complaint against Defendant Ategrity Specialty Insurance Company, and would show unto the Court and Jury as follows:

### I. THE PARTIES

1. Plaintiff Ram Bal Ram d/b/a Knights Inn ("Ram Bal") is a Texas corporation doing business as Knights Inn.

2. Defendant Ategrity Specialty Insurance Company ("Ategrity") is a foreign insurance company licensed and authorized to engage in the business of insurance in the State of Texas. Defendant has been duly served and has made an appearance in this action.

### II. CLAIM FOR RELIEF AND JURISDICTION

3. Per Rule 8(a) of the Federal Rules of Civil Procedure, this Court already has jurisdiction, and this claim needs no new jurisdictional support. Plaintiff is entitled to relief and currently seeks actual damages plus additional damages and reasonable and necessary attorneys'

**EXHIBIT 1**

fees. A jury will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks prejudgment and post-judgment interest at the highest legal rate.

4. This case was removed from Texas District Court pursuant to 28 U.S.C. § 1332(a)(1) on the basis that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff reserves the right to amend its complaint during and/or after the discovery process or whenever circumstances dictate.

6. This Court has jurisdiction over Defendant because it engages in the business of insurance in the State of Texas by issuing policies to insureds in the State of Texas. Further, Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas. Plaintiff would also show that Defendant has continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant.

### III. STATEMENT OF FACTS

7. Plaintiff Ram Bal, the name insured for the Policy (as defined herein), owns the commercial property located at 5253 Southeast Loop 820, Forest Hill, Texas 76140 (the "Property").

8. Prior to the loss made the subject of this suit, Plaintiff purchased an insurance policy from Defendant Ategrity with an effective period of June 17, 2022 to June 17, 2023 to insure the Property (the "Policy').

9. All premium payments required to be paid for the Policy were paid and the Policy was in full force and effect without lapse during the applicable policy period.

10. On or about March 2, 2023, the Property sustained covered damage caused by wind and/or hail.

11. After receiving timely notice of loss from Plaintiff, Ategrity retained the independent adjusting company, Engle Martin, to assist with the investigation of the reported claim. Engle Martin assigned licensed Texas insurance adjuster Jeff Morlen to investigate the reported loss on behalf of Ategrity with an assigned claim number of 01CCP2023001590 (the "Claim").

12. Plaintiff hired the public adjusting firm Pinnacle Limited ("Pinnacle") and Jett McKay to assist with the presentation of the Claim to Ategrity and Morlen.

13. In correspondence to Morlen dated May 22, 2023, McKay confirmed a joint inspection of the Property scheduled for May 23, 2023, and produced an Aerial Damage Report with the correspondence showing damage to the Property from the reported loss.

14. In correspondence to Morlen dated July 18, 2023, McKay forwarded the Pinnacle Estimate totaling $127,730.65, which represented his estimate to repair the covered damage to the Property caused by the reported loss.

15. On July 25, 2023, Morlen replied to McKay's July 18th correspondence, stating that the Policy's cosmetic endorsement precluded coverage for the majority of the claimed damage to the Property.

16. On September 12, 2023, Morlen advised McKay that Engle Martin's investigation determined the Property sustained covered damage to the Property totaling $21,539.75, but that no payment was owed under the policy after application of applicable depreciation and deductible.

17. McKay replied to Morlen the same day advising that the photographs previously submitted by Pinnacle Limited to Engle Martin clearly depicted widespread functional (covered) damage to the Property's roof system on all slopes. Pinnacle Limited urged Morlen to review the photos evidencing a covered loss again to ensure the Claim was fully and properly paid.

18. However, on July 25, 2023, Morlen replied that Ategrity and the inside adjuster would not reconsider the earlier claim decision.

19. Plaintiff cooperated with Defendant during its investigation of the Claim by responding to inquiries and making the Property available for inspection to Defendant's representatives. Plaintiff presented evidence of widespread damage to the Property resulting from the loss, however such evidence was either outright ignored by Defendant or improperly and unreasonably rejected.

20. Defendant failed to fully pay Plaintiff's claim when it was known to Defendant that such claim as covered. Despite evidence of a covered loss to the Property, Defendant has failed to conduct a reasonable investigation with respect to the claim and refused to fully pay the covered loss, which has necessitated the filing of this suit.

### IV. CAUSES OF ACTION AGAINST DEFENDANT ATEGRITY

#### a. Breach of Policy Contract

21. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Ategrity.

22. Plaintiff would show that the Policy was in full force and effect upon discovery of the covered physical loss or damage to its Property. The Policy insures against Direct Physical Loss to Covered Property caused by a covered peril. The Policy provides coverage for functional

damage caused by wind or hail occurring during the Policy period unless the loss is otherwise excluded or limited by the policy. The Policy at issue does not exclude or otherwise limit loss or damage caused by the reported loss occurring during the policy period. Accordingly, the event constitutes a covered peril causing direct physical loss which is functional in nature to the Property.

23. Plaintiff timely submitted a claim to Ategrity for payment of the Claim for damages to its Property in accordance with the terms of the Policy. Defendant accepted and acknowledged the Claim in writing. Defendant processed the Claim but refused and failed to fully pay Plaintiff according to its obligations under the contract of insurance with Plaintiff, constituting a breach of the policy contract.

### b. Common Law Causes of Action

24. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Ategrity.

25. By its acts, omissions, failures and conduct, Defendant breached the common law duty of good faith and fair dealing by delaying and denying Plaintiff's claim for damages to its Property without a reasonable basis and by failing to conduct a reasonable investigation with respect to the insurance claim. Defendant also breached its duty by unreasonably delaying payment of the Claim and failing to fully settle Plaintiff's entire claim when it knew or should have known that it was reasonably clear that such claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

### c. Texas Insurance Code Violations

26. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Ategrity.

27. By its acts, omissions, failures and conduct, Defendant has engaged in unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, the conduct described in this petition plus Defendant's unreasonable delays in the investigation and resolution of the Claim and its failure to pay such claim after liability had become reasonably clear. Specifically, Defendant Ategrity committed the following unfair insurance practices:

   a. Defendant engaged in unfair claims settlement practices by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue, in violation of Tex. Ins. Code § 541.060(a)(1);

   b. Defendant engaged in unfair claims settlement practices prohibited by Tex. Ins. Code § 541.060(a)(2)(A) by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   c. Defendant engaged in unfair claims settlement practices by failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim, in violation of Tex. Ins. Code § 541.060(a)(3);

   d. Defendant engaged in unfair claims settlement practices prohibited by Tex. Ins. Code Section § 541.060(a)(4)(A) by failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights to a policyholder; and

   e. Defendant engaged in unfair claims settlement practices by refusing to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Tex. Ins. Code § 541.060(a)(7)

28. Defendant Ategrity's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of the Texas Insurance Code and Section 17.50 (a)(4) of the DTPA.

29. All of the above-described acts, omissions and failures of Defendant Ategrity were a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Tex. Ins. Code § 541.152(b) and Tex. Bus. & Com. Code § 17.50(b).

### d. Deceptive Trade Practice Act Violations

30. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Ategrity.

31. Defendant's conduct, acts, omissions and failures as described herein constitutes the use or employment by any person of an act or practice in violation of Tex. Ins. Code Ch. 541 which gives Plaintiff the right to relief pursuant to Tex. Bus. & Com. Code § 17.50(a)(4).

32. All of the above-described acts, omissions and failures of Defendant were relied upon by Plaintiff to its detriment and are a proximate and producing cause of Plaintiff's damages.

33. Further, said deceptive acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages pursuant to Tex. Bus. & Com. Code § 17.50(b).

### e. Prompt Payment of Claims Act Violations

34. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Ategrity.

35. Defendant violated the Prompt Payment of Claims Act, Tex. Ins. Code § 542.051, by failing to properly and timely investigate and fully pay the Claim. Defendant's failure to pay Plaintiff's claim within 60 days of receipt of all items, statements and forms reasonably requested constitutes an automatic violation of Section 542.058, which provides *"except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060."*

36. Defendant's wrongful rejection of the claim necessarily means it failed to pay within 60 days automatically violating Tex. Ins. Code § 542.058. Accordingly, Plaintiff is entitled to the relief set forth in Tex. Ins. Code § 542.060 of the act, including attorneys' fees.

## V. CONDITIONS PRECEDENT

37. All conditions precedent necessary to maintain this action have been performed, have occurred, are inapplicable, or could not be timely accomplished prior to filing of suit.

## VI. ALTERNATIVE PLEADING

38. Pursuant to Fed. R. Civ. P. 8, Plaintiff elects to plead in the alternative.

## VII. DAMAGES

39. The above-described acts, omissions, failures and conduct of Defendant caused Plaintiff's damages which include, without limitation, the full cost to replace or repair the damaged Property. Plaintiff is also entitled to recover penalty interest on all unpaid monies owed on the claim as damages under the Prompt Payment of Claims Act.

## VIII. ADDITIONAL DAMAGES

40. Defendant "knowingly" and/or "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.

41. Because of Defendant's knowing and/or intentional misconduct, Plaintiff is entitled to additional damages as authorized by Tex. Bus. & Comm. Code § 17.50(b)(1) and Tex. Ins. Code § 541.152.

## IX. ATTORNEYS' FEES

42. Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Tex. Bus. & Comm. Code § 17.50(d), Tex. Ins. Code §§ 541 and 542 and Tex. Civ. Prac. & Rem. Code § 38.001.

## X. JURY DEMAND

43. Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby makes a jury demand.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final jury trial, Plaintiff be awarded damages as set forth above and which are in a sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorneys' fees for the trial and any subsequent appeal of this case, pre and post-judgment interest at the highest rate permitted by law, damages authorized by the Texas Insurance Code and Texas Business and Commerce Code, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Robert N. Grisham II*
Robert N. Grisham II
robert@grishamkendall.com
William A. Kendall
wkendall@grishamkendall.com
State Bar No. 24004736
State Bar No. 00792550
GRISHAM & KENDALL, PLLC
5910 N. Central Expressway
Premier Place - Suite 925
Dallas, Texas 75206
Telephone: (214) 308-2027
Facsimile: (214) 308-2036

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served on March 24, 2025 in accordance with the Federal Rules of Civil Procedure on all counsel of record.

*/s/ Robert N. Grisham II*
Robert N. Grisham II
